UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LISA UNDERHILL,    Plaintiff,

v.    Civil Action No. 3:24-cv-171-DJH

METRO GOVERNMENT JEFFERSON
COUNTY ATTORNEY MIKE O'CONNELL    Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff, identifying herself in the complaint caption as "Lisa Underhill Agent Enviro Eco Culture – 501c3 non-profit," filed the instant *pro se* action. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss the action.

### I.  FACTUAL ALLEGATIONS

Plaintiff sues "Metro Govt Jefferson County Attorney Mike O'Connell." She indicates that the basis for the Court's jurisdiction is a federal question and, where the complaint form asks for the federal statutes or constitutional provisions at issue, Plaintiff states as follows:

> (1) Section 8 Constitution = Congress shall have the power to pay and provide for general welfare.  (2) I.R.C. 501c3  (3) I.R.C. 509(a)  (4) 170 Kentucky Constitution & Non-profit(s) exempted from taxation real property owned and occupied which is occupied devoted solely to cause of education. Income used exclusively for maintenance and property is permanent residence.

Plaintiff's statement of claim alleges the following:

> Enviro Eco Culture (EEC) is a 501c3 non-profit filed by Secretary of State in February-2006-2024. EEC uses entire property for a pure charity to educate general public in support of EEC's mission = make own self-care. PVA harmed and violated EEC through misleading actions, in order to coerce EEC to pay property taxes. Lisa Underhill paid property taxes for EEC – 2006-2018. PVA caused Lisa

> Underhill emotional damage with threat(s) to foreclose EEC. EEC will electronically file dates and involvement of deceitful, misleading, and 'run around' actions.

In the relief section of the form, Plaintiff states as follows:

> Relief statement = 1. Waive past, present, and future property taxes. 2. File order of waiver (above) to necessary rooms. 3. Refund property taxes paid = 2006-2018 plus 10% annum plus (10% + 1) 4. Punitive damages = pain and suffering due to the "Run Around" lost time, lost volunteer(s) for EEC, ect.

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551

F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III. ANALYSIS

While not entirely clear, it appears that Plaintiff is challenging Jefferson County's imposition of state or county property taxes. To the extent she is attempting to sue for a violation of 26 U.S.C. § 501(c)(3), there is no private right of action under Section 501(c)(3). *See, e.g.*, *NEO4J, Inc. v. Graph Found., Inc.*, No. 5:19-cv-06226-EJD, 2020 U.S. Dist. LEXIS 212896, at *21 (N.D. Cal. Nov. 5, 2020); *Grant v. Trinity Health-Michigan*, 390 F. Supp. 2d 643, 650 ("Section 501(c)(3) . . . does not provide for a private right of action."). The Court has carefully reviewed the complaint and finds that the allegations do not support a claim for a violation of a federal statute or constitutional provision. Accordingly, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Date: July 16, 2024

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendant
4415.010